## In re Anonymous No. 46 D.B. 75

Disciplinary Board Docket no. 46 D.B. 75.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHWARTZMAN, *Member,* August 21, 1987 —Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to this petition for reinstatement.

### HISTORY OF PROCEEDINGS

Petitioner was suspended from the practice of law before the Supreme Court of Pennsylvania and all the courts of Pennsylvania by order of the Supreme Court of Pennsylvania on July 2, 1975. This suspension followed the April 25, 1975 conviction of petitioner in the Court of Common Pleas of [A] County

of eight counts of malfeasance, misfeasance, and nonfeasance, eight counts of bribery, and one count of election code violation. Upon exhausting his post-conviction motions, petitioner was sentenced to pay a fine totaling $6,050 and placed on two years probation.

Pursuant to the July 2, 1975 order of the Supreme Court, a petition for discipline was filed against petitioner on October 12, 1976. Petitioner waived personal service and did not file an answer to the petition for discipline. No further action was taken on the petition for discipline while petitioner appealed the common pleas convictions.

On March 16, 1979 the Supreme Court of Pennsylvania affirmed the bribery and election code violation convictions, but reversed the judgments of sentence as to malfeasance, misfeasance and nonfeasance in office.

On June 15, 1979, in consideration of a request of petitioner, the disciplinary board issued an order that the pending petition for discipline docketed at 46 D.B. 75 be held in abeyance until appeals were concluded in a second criminal case. On June 28, 1975, the Supreme Court of Pennsylvania ordered that petitioner's second criminal case be remanded to the court of common pleas for a new trial. On October 3, 1985 the second criminal case was nol prossed.

Petitioner filed a petition for reinstatement on December 23, 1985. On January 23, 1986 the board granted petitioner's application for a combined hearing before the same hearing committee on the petitions for discipline and reinstatement.

A combined hearing was held on June 10, 1986 before Hearing Committee [    ] consisting of [    ]. In its report filed November 3, 1986, the hearing committee recommended that petitioner be suspended

from the practice of law for a five-year period retroactive to July 2, 1975. The committee further recommended that petitioner's reinstatement be conditioned on his attendance at a civil litigation practice course sponsored by the bar association or similar group.

On November 24, 1986 the office of disciplinary counsel filed a letter-brief which contained two exceptions to the hearing committee report. The first exception was to the finding of the committee that petitioner had violated a disciplinary rule which was not charged in the petition for discipline. The second exception was to the conditional reinstatement recommended by the hearing committee in light of rule 218 Pa.R.D.E. which has no provision for conditional reinstatement. Petitioner filed a letter-brief on December 1, 1986 stating that petitioner did not oppose the exceptions of disciplinary counsel.

The board adjudicated the matter on December 15, 1986. In their report of January 30, 1987, the board recommended that petitioner be suspended from the practice of law for five years retroactive to July 2, 1975 and that petitioner be readmitted to the practice of law in the Commonwealth of Pennsylvania. The board found that petitioner presented clear and convincing evidence to prove his competency and learning in the law by showing that he had viewed videotaped materials in eight required areas. The board concluded that petitioner demonstrated by clear and convincing evidence that he had fulfilled the requirements of rule 218(c)(3)(i) Pa.R.D.E.

The Supreme Court of Pennsylvania issued an order on March 27, 1987 disbarring petitioner from the practice of law in the Commonwealth of Pennsylvania effective July 2, 1975. The court remanded the petition for reinstatement to the disciplinary

board for reconsideration under the principles set forth in *Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 506 A.2d 872 (1986). The board reconsidered the petition for reinstatement on April 10, 1987.

## FINDINGS OF FACT

(1) [Petitioner] was born in [　] on March 15, 1920. He is 67 years of age.

(2) Petitioner graduated from the University of [　] in May 1940 with a Bachelor of Science degree in economics and the University of [　] Law School in May 1945.

(3) Petitioner was admitted to practice before the Courts of the Commonwealth of Pennsylvania and the U.S. District Court for the [　] District of Pennsylvania in 1946.

(4) Petitioner served as a member of the [A] City Council from 1964 to 1976, inclusive.

(5) On or about May 17, 1973, the Special Investigating Grand Jury, June term, 1972, submitted its third presentment to the Honorable [C], presiding judge, which recommended the indictment of petitioner for crimes committed in the Commonwealth of Pennsylvania.

(6) Indictments were returned against petitioner as of June term, 1973 on 14 counts of malfeasance, misfeasance and nonfeasance, eight counts of bribery, and one count of violation of the election code.

(7) On or about July 1974 petitioner was tried in municipal court on the various criminal charges before the Honorable [D] and adjudged guilty on July 26, 1974, of eight counts of malfeasance, misfeasance and nonfeasance, eight counts of bribery, and one count of election code violation. Six counts of malfeasance, misfeasance and nonfeasance were

dismissed. On that same date sentence was imposed.

(8) Petitioner's conviction in municipal court as more fully described in paragraph 7 hereinabove, was vacated and, in accordance with rules of criminal procedure, the matter was listed for a trial de novo in the Court of Common Pleas of [A] County at nos [   ], August term, 1974.

(9) In or about April 1975, petitioner was tried by a jury before the Honorable [B] in the Court of Common Pleas of [A] County. On April 25, 1975, the jury returned a verdict of guilty on all charges (18 P.S. §4667 "bribery, etc., of servants and employees," malfeasance, misfeasance, and nonfeasance under the common law, and Election Code 25 P.S. §3224(a) "contributions by agent, etc."). Sentence on the aforesaid conviction was deferred pending post-trial motions.

(10) The bribery convictions were based on evidence that while petitioner was an [A] City Councilman, he solicited, accepted, received or took various sums of money from private parties as an inducement, bribe or reward of representing them before officials of various city departments and for securing the approval of these city departments in projects involving said private parties. Specifically, while petitioner was a city councilman:

(a) Petitioner received a total of $12,000 (in two installments) from [E] Inc. for obtaining from the City of [A] an extension of [F] Inc.'s (one of [E's] subsidiaries) rights to run various concessions at [A] International Airport;

(b) Petitioner received $10,000 from [E] for obtaining the [G] Corporation's (a city agency) approval of the sale of land, owned by [G], to [E];

(c) Petitioner received a total of $20,000 (in four installments) from [H] Inc. for securing from the

City of [A] additional counter space at the airport and an extension of its lease of various facilities at the airport; and

(d) Petitioner and [H] agreed that the latter would pay $20,000 to petitioner in return for obtaining space (from the City of [A]) at the airport for an [H] project.

It is undisputed that petitioner's representation of the aforementioned private parties did not affect the performance of his official duties as City Councilman and that he did not take any action in City Council on behalf of the private parties. The election code violation was based upon the receipt of illegal campaign contribution in the form of a $2,500 check from [I], president of [E] to [J], secretary to petitioner, which check was endorsed over to the [K] for Mayor Committee at the direction of petitioner.

(11) On July 2, 1975, in accordance with rule 17-14(c) of the Pennsylvania Rules of Disciplinary Enforcement (now codified at rule 214(d)), the Supreme Court of Pennsylvania entered an order suspending petitioner from the practice of law before that court and in all courts under the supervisory jurisdiction of said court, and referring petitioner's conviction to the disciplinary board for the institution of a formal proceeding before a hearing committee to determine the extent of final discipline to be imposed upon petitioner.

(12) On or about October 10, 1976, petitioner appeared before the Honorable [B] who sentenced petitioner to pay a $500 fine and $50 costs on each of the 11 indictments for a total of $6,050 and placed petitioner on two years probation.

(13) Pursuant to the order of the Supreme Court of Pennsylvania dated July 2, 1975, a petition for

discipline was filed by the disciplinary board of the Supreme Court of Pennsylvania.

(14) Personal service of said petition was waived during October 1976. Petitioner did not file an answer to the petition for discipline.

(15) On or about December 2, 1977, the Superior Court of Pennsylvania entered an order wherein it affirmed the judgment of the Court of Common Pleas of [A] County (previously referred to in pargaraphs 9 and 12 above).

(16) On or about March 16, 1979, the Supreme Court of Pennsylvania issued an opinion wherein it affirmed judgments of sentence against petitioner as to the bribery and the election code violations and reversed judgments of sentences to malfeasance, misfeasance and nonfeasance in office.

(17) Petitioner, having been convicted of crimes as set forth hereinabove in paragraphs 5 through 10, inclusive and paragraphs 15 and 16 admitted to violating Pennsylvania Rule of Disciplinary Enforcement 203(b)(1).

(18) On June 15, 1979, in consideration of a request of petitioner, the disciplinary board issued an order that this pending petition for discipline docketed at 46 D.B. 75 be held in abeyance until appeals were concluded in another criminal case.

(19) Pursuant to an opinion filed on June 28, 1985, by the Supreme Court of Pennsyvlania, petitioner's second criminal case (referred to in paragraph 18), for which this pending disciplinary action was being held in abeyance, was remanded for new trial in common pleas court. Said second criminal case was nol prossed on October 3, 1975.

(20) After appeals were concluded on the second criminal case, on January 23, 1986, by way of an order issued by the disciplinary board of the Supreme Court of Pennsylvania, petitioner's application for a

combined hearing before the same hearing committee on the pending petitions for discipline and reinstatement was granted.

(21) The combined disciplinary and reinstatement hearing was held June 10, 1986 in front of Hearing Committee [ ].

## CONCLUSIONS OF LAW

The disciplinary board of the Supreme Court of Pennsylvania finds that petitioner has met the standards for reinstatement of a disbarred attorney set forth in rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement, as follows:

"A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this commonwealth and that the resumption of the practice of law within the commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest."

The board finds further that petitioner is entitled to reinstatement under the principles set forth in *Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 506 A.2d 872 (1986).

## DISCUSSION

The statutory requirements which must be met by a disbarred attorney or a suspended attorney before that attorney may be reinstated are set forth in rule 218(c)(3)(i) Pa.R.D.E.

Following review of rule 218(c)(3)(i), without further inquiry, it appears that the rule establishes identical standards for reinstatement of both sus-

pended and disbarred attorneys. The Supreme' Court of Pennsylvania, however, distinguished the sanctions of disbarment and suspension and the corresponding requirements for reinstatement in *Keller, supra.* Even though the statutory language regarding reinstatement of disbarred and suspended attorneys is identical, the inquiry which must be made in each situation is different because of the differences between these sanctions.

In *Keller, supra,* the court stated that the difference between the sanctions is a qualitative difference, not merely a quantitative difference of the amount of time that the privilege of practicing law is withdrawn. In explanation of the difference between the two sanctions, the court stated:

"In the case of suspension the withdrawal of the privilege to practice law is for a specified period of time. After the expiration of that period a suspended attorney can resume the practice of law upon a demonstration of his or her fitness to practice. In contrast, where disbarment has been imposed, the length of the withdrawal of the privilege to practice law has not been previously determined. In disbarment the only expression as to the length of the withdrawal of the license to practice is that it must extend for a period of at least five years." *Id.* at 578-9, 506 A.2d at 874-5.

The court in *Keller, supra,* went on to distinguish the inquiries which must be made when disbarred and suspended attorneys seek reinstatement. The court stated that:

"When reinstatement is sought by the disbarred attorney, the threshhold question must be whether the magnitude of the (violation) would permit the resumption of practice without a detrimental effect upon 'the integrity and standing of the bar or the administration of justice nor subversive of the public

interest.' Pa.R.D.E. 218(c)(3)(i)." *Id.* at 579, 506 A.2d at 875.

In regard to the inquiry to be made when a suspended attorney seeks reinstatement, the court stated that the magnitude of the initial violation need not be taken into account because "the initial order sets forth the period of time necessary to satisfy the (violation) occasioned by the conduct which led to the suspension." *Id.*

In short, one must always inquire whether the attorney seeking reinstatement currently meets the requirements of rule 218(c)(3)(i). But in the case of the disbarred attorney, further inquiry into the nature of the initial violation must be made to determine if the taint of that violation has dissipated to the extent that rule 218(c)(3)(i) is satisfied. In the case of suspension the retrospective inquiry need not be made because the period of suspension has been determined to be the amount of time required for the taint of the violation to dissipate.

A disbarred attorney may be able to demonstrate by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required to practice law. That attorney may also be able to demonstrate that, based on present character, the resumption of practice would not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. Nevertheless, that attorney may not be reinstated unless he or she can demonstrate that the magnitude of the initial violation will no longer have a detrimental effect if the attorney is allowed to resume the practice of law. This gives rise to the question of what factors should be brought in to demonstrate that there will be no detrimental effect from the initial violation if practice is resumed.

Several factors appear pertinent for showing that the disbarred attorney should be allowed to resume practice. One factor is the number of years the attorney has been disbarred. As the period of disbarment increases the attorney has a greater opportunity to reform. There is also a greater opportunity to judge whether the attorney has reformed based on his or her conduct during the period of disbarment.

The type and nature of the offense committed by the attorney is another factor to be considered in determining whether the attorney should be reinstated. Offenses which resulted in harm or entail the likelihood of harm to clients or others should be distinguished from those in which there was no harm or no great likelihood of harm to clients or others. Acts of attorneys against the interests of clients should be distinguished from acts which harmed others outside of the attorney/client relationship.

The conduct of the attorney during the period of disbarment is a factor to be considered. Conduct during the period of disbarment provides a good indication of the extent to which the attorney has reformed his or her ways. Statements by character witnesses are an effective means for showing that the conduct of the attorney supports reinstatement.

Applying these factors to the case at hand demonstrates that petitioner should be reinstated. The board previously found that petitioner met the requirements for reinstatement of a suspended attorney. Because of the board's findings as to petitioner's present compliance with the requirements of rule 218(c)(3)(i) the issue of present compliance need not be discussed further.

Turning now to the issue of whether the magnitude of petitioner's acts permit the resumption of practice without a detrimental effect, it is evident that the length of time petitioner has not practiced

law weighs in favor of reinstatement of petitioner. Petitioner has not practiced law for nearly 12 years. This has given petitioner much time to put his past acts behind him and has given ample opportunity for observation of petitioner's conduct.

Petitioner's offense was not directed toward the interests of his clients. Furthermore, petitioner did not use his official office in carrying out the activities for which he was convicted even though these activities occurred while he was in public office. This is not a situation of an attorney using his position to the detriment of the interests of his clients who had sought the aid of an attorney.

The record indicates that during the extensive period of time that petitioner has been disbarred he has conducted himself in a manner that demonstrates his fitness to resume the practice of law. Petitioner has not engaged in further activities which reflect badly on his character as an attorney. Furthermore, two members of the bar gave opinions that petitioner is now fit to practice law. Petitioner's record of extensive community service activities also weighs in favor of reinstatement of petitioner.

## RECOMMENDATION

Based on the foregoing discussion, the disciplinary board recommends that petitioner be reinstated to the practice of law in the Commonwealth of Pennsylvania.

## ORDER

NIX, *C.J.*— And now, February 12, 1988, upon consideration of the report and recommendation of the disciplinary board dated August 21, 1987, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Flaherty and Mr. Justice Papadakos dissent.